RECEIVED

NOV 10 2025

United States District Court
Northern District of Mississippi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

ABERDEEN DIVISION

PAMELA ROBERTS, Plaintiff,

1:25-CV-178-SA-RP

v.

CITY OF BOONEVILLE, MISSISSIPPI;

OFFICER AARON CANADAY, individually and in his official capacity; CHIEF OF POLICE MICHAEL RAMEY, individually and in his official capacity;

ITAWAMBA COUNTY, MISSISSIPPI;

SHERIFF CHRIS DICKINSON, individually and in his official capacity;

and JOHN / JANE DOE OFFICERS 1–5, individually and in their official capacities, Defendants.

Civil Action No. _____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983 — BENCH TRIAL REQUESTED)

---

I. INTRODUCTION

This action is brought under 42 U.S.C. § 1983 to redress deprivations of constitutional rights under color of state law.

Plaintiff Pamela Roberts, a disabled resident of Booneville, Mississippi, was unlawfully arrested, falsely imprisoned, denied medical care, and subjected to cruel and unusual punishment by officials of the City of Booneville and Itawamba County.

Defendants' conduct was malicious, retaliatory, and so egregious that qualified immunity cannot apply.

Plaintiff also requests that this Court refer these matters to the U.S. Department of Justice for investigation under 18 U.S.C. § 242 for willful deprivation of rights under color of law.

---

## II. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper in the Northern District of Mississippi, Aberdeen Division, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this complaint occurred in Booneville, located in Prentiss County, Mississippi, and in Itawamba County, Mississippi, both within this judicial district.

4. Costs and fees are authorized under 42 U.S.C. § 1988(b).

III. PARTIES

1. Pamela Roberts, Plaintiff, is a 100 percent disabled citizen of Booneville, Mississippi.

2. City of Booneville, Mississippi, is a municipal corporation responsible for the acts and policies of its Police Department.

3. Officer Aaron Canaday, Booneville Police Department, acted under color of state

law.

4. Chief of Police Michael Ramey, Booneville Police Department, supervised

Canaday.

5. Itawamba County, Mississippi, is responsible for the operation and oversight of the Itawamba County Jail.

6. Sheriff Chris Dickinson, Sheriff of Itawamba County, oversaw jail staff and inmate care.

7. John / Jane Doe Officers 1–5 are Booneville or Itawamba employees who participated in or failed to prevent these violations.

---

IV. STATEMENT OF FACTS

1. On November 1, 2022 at approximately 6 a.m., Officer Canaday arrested Plaintiff at her home for "failure to identify" and "disorderly conduct."

2. Plaintiff identified herself fully—name, date of birth, place of birth—thus complying with Miss. Code § 97-35-7.

3. Officer Canaday had no warrant, violating Booneville Police General Order § 36(B) and the Fourth Amendment as interpreted in Payton v. New York, 445 U.S. 573 (1980).

4. No exigent circumstances existed; the arrest was a strong-arm tactic to silence Plaintiff's protected speech.

5. Plaintiff was held by Booneville Police Department at Itawamba County Jail without a probable-cause hearing for over 48 hours, violating County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

6. Despite her known medical disability, officers denied her prescribed medication.

7. Without lawful hold order, she was transferred to Itawamba County Jail, where Sheriff Mitch Nabors and staff placed her in solitary confinement for four days in conditions amounting to torture:

- no medical care, no medication, no communication with counsel.

8. These conditions are analogous to those condemned in Taylor v. Riojas, 141 S. Ct. 52 (2020), where the Court held such confinement "obviously unconstitutional."

9. On November 7, 2022, Plaintiff was transported with male inmates to Booneville Municipal Court and released ROR; charges were dismissed January 12, 2023.

10. She continues to suffer physical and emotional injury from Defendants' conduct.
---

## V. CAUSES OF ACTION

### Count I — Unlawful Arrest and Seizure (Fourth & Fourteenth Amendments)

Arrest without warrant or probable cause violates Beck v. Ohio, 379 U.S. 89 (1964) and Brown v. Texas, 443 U.S. 47 (1979).

### Count II — False Imprisonment and Denial of Due Process (Fourteenth Amendment)

Detention beyond 48 hours without judicial review violates Gerstein v. Pugh, 420 U.S. 103 (1975) and Baker v. McCollan, 443 U.S. 137 (1979).

### Count III — Cruel and Unusual Punishment / Deliberate Indifference (Eighth & Fourteenth Amendments)

Denying medication and subjecting Plaintiff to filthy solitary conditions constitutes cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994); Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996).

### Count IV — Retaliation for Protected Speech (First & Fourteenth Amendments)
Defendants targeted Plaintiff for her public speech and complaints, contrary to Hartman v. Moore, 547 U.S. 250 (2006) and Nieves v. Bartlett, 139 S. Ct. 1715 (2019).

### Count V — Municipal Liability (Monell)

The City of Booneville and Itawamba County maintained policies or customs showing deliberate indifference to constitutional rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989).

---

## VI. QUALIFIED IMMUNITY DOES NOT APPLY

Under Harlow v. Fitzgerald, 457 U.S. 800 (1982), and Hope v. Pelzer, 536 U.S. 730 (2002), no reasonable officer could believe it lawful to (1) arrest without warrant or probable cause, (2) hold a detainee without hearing, or (3) deny medical care in filthy solitary conditions. Taylor v. Riojas, 141 S. Ct. 52 (2020), confirms such conduct is "obviously unconstitutional." Defendants are therefore not entitled to qualified immunity.

---

## VII. DAMAGES AND REQUEST FOR CRIMINAL REFERRAL

Plaintiff asks that this Court:

1. Declare Defendants' actions unconstitutional;

2. Enter judgment jointly and severally against all Defendants;

3. Award compensatory damages for pain, emotional distress, and loss of liberty;

4. Award punitive damages for reckless and malicious conduct (Smith v. Wade, 461

U.S. 30 (1983));

5. Order injunctive relief requiring policy reform and training;

6. Refer this matter to the U.S. Department of Justice for investigation under 18 U.S.C. § 242;

7. Award costs and fees under 42 U.S.C. § 1988; and

8. Grant all other just relief.

---

VIII. BENCH TRIAL REQUEST

Pursuant to Fed. R. Civ. P. 39(a)(1), Plaintiff requests trial by the Court without jury.

---

IX. SIGNATURE BLOCK

Respectfully submitted,

*Pamela Robert*

---

Pamela Roberts

Plaintiff, Pro Se

2318 N 2nd St

Booneville, Mississippi 38829

662-650-0578

tater7053@gmail.com

Date: 10-31-2025