IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAMELA ROBERTS                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 1:25-cv-00178-GHD-RP

THE CITY OF BOONEVILLE, MISSISSIPPI; et al.                      DEFENDANTS

## OPINION

Presently before the Court is the Defendants City of Booneville, Chief of Police Michael Ramey, and Officer Aaron Canaday's ("moving Defendants") motion to dismiss [18] the Plaintiff's claims pending against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds the motion should be granted and the Plaintiff's claims against these three Defendants dismissed. In addition, because the Plaintiff has made no effort during the past nine months to serve process upon the remaining two Defendants, Itawamba County and its Sheriff Chris Dickinson, her claims against those Defendants shall be dismissed without prejudice and this case shall be closed.

### Factual and Procedural Background

The Court first notes the bare-bones nature of the Plaintiff's First Amended Complaint [17]. The Plaintiff includes almost no specific, non-conclusory, factual allegations in the Complaint that constitute "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. In any event, the Court can discern the following: in November 2022, the Plaintiff, Pamela Michelle Roberts, was arrested by Defendant Officer Aaron Canaday of the Booneville Police Department for disorderly

conduct and failure to obey. She was booked into the Itawamba County jail and subsequently released on her own recognizance.

The Plaintiff, who is proceeding *pro se*, filed this lawsuit on November 10, 2025, asserting various claims under 42 U.S.C. §1983 for, *inter alia*, violations of the Fourth and Fourteenth Amendments to the Constitution [1, 17].

The moving Defendants now move for dismissal of the Plaintiff's claims against them [18], arguing the Plaintiff's claims are barred by the doctrine of *res judicata* because the Plaintiff is pursuing identical claims in this case, against the same Defendants, that this Court decided in the Defendants' favor in cause number 1:23-CV-150-GHD-RP. The Plaintiff opposes the motion.

### Standard for *Res Judicata*

"[D]ismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts." *Pie Development, L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661 (5th Cir. 2025). *Res judicata* "prohibits parties from relitigating issues that were decided in a prior lawsuit, as well as any issues that could have been raised in the previous lawsuit." *Yahoshua Yisrael v. Adams*, No. 3:16-CV-186, 2017 WL 2125809, at *2 (N.D. Miss Mar. 22, 2017) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)), report and recommendation adopted, No. 2017 WL 2125767 (N.D. Miss. May 15, 2017). "[R]es judicata operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory." *Id.* Notably, "pro se plaintiffs are not exempt from the rules of res judicata." *Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014).

"The four elements of res judicata are whether: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior

2

action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Murry*, 553 F. App'x at 364 (citation omitted).

### Analysis and Discussion

The Court finds that all four elements of *res judicata* are met. The Plaintiff's claims against the moving Defendants shall therefore be dismissed.

#### 1. Res Judicata

##### A. Identical Parties

The moving Defendants were also parties in the Plaintiff's previous lawsuit [17; Docs. 1, 72, 73 in Cause No. 1:23-CV-150]. Accordingly, the Court finds this factor weighs in favor of the application of *res judicata*.

##### B. Prior Judgment Rendered by Court of Competent Jurisdiction

Neither party disputes that this Court, which entered judgment in the previous case, is a court of competent jurisdiction.

##### C. Final Judgment on the Merits

The previous lawsuit proceeded to a final judgment on the merits [72, 73 in Cause No. 1:23-CV-150]. In that case, this Court granted a motion for summary judgment [58] filed by these three moving Defendants. Accordingly, this factor is met. See, e.g., *Tuley v. Heyd*, 482 F.2d 590, 594, n.2 (5th Cir. 1973) (grants of summary judgment are always with prejudice and are "on the merits and . . . have a *res judicata* effect on any later action.").

##### D. Identical Claims in Both Actions

The Plaintiff has asserted identical claims in both this case and in the previous lawsuit. In any event, because the same incident is at issue in both cases - the arrest of the Plaintiff by Defendant Officer Aaron Canaday of the Booneville Police Department for disorderly conduct and

3

failure to obey and the Plaintiff's subsequent booking at the Itawamba County jail – and *res judicata* bars all claims that were or *could have been* asserted, the Court finds this element is met. See *Pie Development, L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Accordingly, the Court finds that all the elements for the application of the doctrine of *res judicata* have been met. The moving Defendants' motion to dismiss, therefore, shall be granted and the Plaintiff's claims against these Defendants dismissed.[1]

2. Service of Process on Remaining Defendants

In the Complaint, the Plaintiff asserts claims against two additional Defendants, Itawamba County and the Itawamba County Sheriff, Chris Dickinson [17]. The Plaintiff, however, has made no effort whatsoever to serve either of these two Defendants with process.

When service has not been made within the time required, a court "may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The burden of proof is on the Plaintiff to show that service of process is valid. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990). Here, given the *pro se* Plaintiff's complete lack of effort to effect proper service upon the remaining Defendants, the Court finds it proper to dismiss the Plaintiff's claims against these

---

[1]     In addition, even if the Plaintiff's claims were not barred by the doctrine of *res judicata*, the Court holds that her claims are barred by the applicable statute of limitations. Although 42 U.S.C. § 1983 does not itself provide a limitations period, the Fifth Circuit has instructed courts adjudicating Section 1983 claims to borrow the forum state's general personal injury limitation period, which in Mississippi is three years. *Cohly v. Mississippi Institutions of Higher Learning*, No. 23-60232, 2024 WL 65432, at *2 (5th Cir. Jan. 5, 2024); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing Miss. Code Ann. § 15-1-49). For § 1983, "the statute of limitations begins to run from the moment the plaintiff *becomes aware* that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)) (emph. added). Here, the Plaintiff's claims accrued *no later than* November 7, 2022, and she did not file her Complaint in this matter until November 10, 2025, beyond the three-year limitations period. Thus, in addition to being barred by *res judicata*, her claims are untimely and subject to dismissal on that additional ground alone.

4

Defendants without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) ("In addition to Rule 4(m), Federal Rule of Civil Procedure 41(b) 'authorizes the district court to dismiss an action *sua sponte* for failure to prosecute . . .'").

### Conclusion

In sum, for all of the foregoing reasons, the Court finds the moving Defendants' motion to dismiss [18] should be granted and the Plaintiff's claims against them dismissed with prejudice. In addition, the Court finds the Plaintiff's claims against the remaining Defendants should be dismissed without prejudice given the Plaintiff's failure to attempt to serve them with process.

An order in accordance with this opinion shall issue this day.

THIS, the ___6th___ day of August, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

5